IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| PATRICIA HOSKINS | § | PLAINTIFF |
| | § | |
| v. | § | Civil Action No. 1:05CV396LG-RHW |
| | § | |
| ZALE DELAWARE, INC., ET AL. | § | DEFENDANTS |

### ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT TO SUBSTITUTE JOHN DOE "A" AS BRETT BERDEN [BEARDNAN] AND REMANDING THE CIVIL ACTION TO THE JACKSON COUNTY COURT

THIS MATTER COMES BEFORE THE COURT upon the Motion of the Plaintiff to Amend the Complaint to Substitute Brett Berden [Beardnan] for John Doe "A"[1] and upon Plaintiff's Motion to Remand the above styled and numbered civil action to the Jackson County Court. The Court, having considered the pleadings on file, the briefs and arguments of the parties, and relevant legal authorities, is of the opinion that Plaintiff's Motion to Amend is well taken and should be granted. The Court further finds that such amendment defeats subject matter jurisdiction; therefore, Plaintiff's Motion to Remand should be granted.

FACTS AND PROCEDURAL HISTORY

Plaintiff, Patricia Hoskins, is a resident of Jackson County. Defendant Zale Delaware d/b/a as Gordon's Jewelers ["Defendant Zale"] is a non-resident corporate entity that qualified to do business in the State of Mississippi. On or about December 9, 2004, Plaintiff left a diamond solitaire ring in the possession of Gordon's Jewelers for the purpose of having a wrap

---

[1] According to the Plaintiff, in the responses to discovery from Defendant Zales, the jeweler was listed/spelled as both Brett Berden and Brett Beardnan. *Plaintiff's Memorandum in Support of Remand at p. 2.*

soldered around the diamond solitaire ring.  Gordon's in turn sent the ring out for soldering.  The ring was soldered, returned to Gordon's and later picked up by Plaintiff.   According to the Plaintiff, in March of 2005, the solitaire dislodged from its setting.   Plaintiff returned with the ring to Gordon's where she was informed that the solitaire stone was in fact not a diamond.  On May 20, 2005, Plaintiff filed a civil complaint in the Jackson County Court, against Zale Delaware Inc., d/b/a/ Gordon's Jewelers and John Does A-C.  Hoskins contends that the Defendants were negligent, grossly negligent, committed fraud or conversion in that her diamond solitaire was taken out and replaced with glass.  Plaintiff requests actual and punitive damages in an unspecified amount.

On August 11, 2005, Defendant Zale filed a Notice of Removal to this Court pursuant to 28 U.S.C. § 1441(a) alleging diversity jurisdiction under 28 U.S.C. § 1332.  Through pre-removal discovery, Plaintiff garnered the name of Brett Berden [Beardnan] as the jeweler who actually performed the soldering work on her ring in 2004.  According to the discovery responses provided by Defendant Zale, Berden's [Beardnan's] last known address indicates that he resides in Pass Christian, Mississippi.  On August 26, 2005, Plaintiff filed the instant Motion to Amend the Complaint to substitute Brett Berden [Beardnen] in place of John Doe "A" together with a Motion to Remand.  Defendant thereafter filed a timely response.  Plaintiff filed a rebuttal on November 17, 2005.

## DISCUSSION

**STANDARD OF REVIEW**

The removal statute is strictly construed against removal and all doubts should be resolved in favor of remand.   Thus, it follows that the removing party, as the party urging the

existence of jurisdiction, bears the burden of proving that jurisdiction exists. *Archer v. Nissan Motor Acceptance Corp.,* 324 F.Supp.2d 805, 808 (S.D. Miss. 2004).

**COMPLETE DIVERSITY AND AMOUNT IN CONTROVERSY**

The district court have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between citizens of different states.  28 U.S.C. § 1332 (a).  A defendant may remove a case to federal court if both requirements of diversity jurisdiction have been met. 28 U.S.C. § 1441(a). Upon removal, the defendant bears the burden of establishing federal jurisdiction. *Atlas Global Group, L.P. v. Grupo Dataflux,* 312 F.3d 168, 176 (5th Cir. 2002) (Garza, J., dissenting); *Jones v. Belhaven College* 334 F.Supp.2d 916, 920 (S.D. Miss. 2004) *citing Manguno v. Prudential Property and Casualty Insurance Company,* 276 F.3d 720, 723 (5th Cir. 2002).

In the present case, the Plaintiff is a resident of the state of Mississippi and Defendant Zale is a foreign corporation who is authorized to do business in the state of Mississippi.  There is complete diversity between these two parties.  However, having discovered the identity of John Doe "A", Plaintiff seeks to amend the complaint by supplanting John Doe "A" with Brett Berden [Beardnen], a Mississippi resident.  Defendant Zale objects to remand of the above captioned cause on the grounds that removal is not defeated by the joinder of an unidentified John Doe defendant.   *See ¶ 7 Defendant's Response to Motion to Remand at p. 2.*   Defendant also argues that Plaintiff has failed to offer credible evidence to demonstrate that Berden is a resident Defendant. *See ¶ 8 Defendant's Response to Motion to Remand at p. 3.*

28 U.S.C.A. § 1447(e) provides that:

If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit

joinder and remand the action to the State court.

Subject matter jurisdiction is determined at the time the suit is filed. However, "the language of 1447(c) does not mean that the court cannot consider post-removal developments.... [M]ost post-removal developments--amendment of pleadings to below jurisdictional amount or change in citizenship of a party--will not divest the court of jurisdiction <u>but an addition of a nondiverse defendant will</u>.... *Hensgens*, 833 F.2d at 1181." *Doleac ex rel. Doleac v. Michalson,* 264 F.3d 470, 477 (5th Cir. 2001)(emphasis in original).

In considering post-removal amendments, this Court must closely scrutinize the addition of a nondiverse party. Such amendments must not be permitted without consideration of the original defendant's interest in the choice of forum.

> Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend 'should be freely given when justice so requires,' and Rule 20 permits joinder of proper parties. [J]ustice requires that the district court consider a number of factors to balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits. These factors include: 1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; 2) whether plaintiff has been dilatory in asking for amendment; 3) whether plaintiff will be significantly injured if amendment is not allowed; and 4) any other factors bearing on the equities.

*Hensgens v. Deere & Co.,* 833 F.2d 1179, 1182 (5th Cir. 1987).

After review of the pleadings on file and in light of the foregoing authorities, including the *Hensgens* factors, the Court finds that Plaintiff should be granted leave to amend her complaint to substitute Brett Berden [Beardnan] as John Doe "A". First, Plaintiff seeks amendment after discovering the actual identity of the individual who performed work on her ring, at the direction of Gordon's Jewelers. Next, this case is in its early stages and the parties are not prejudiced by allowing the amendment. Finally, the Court is not convinced that Plaintiff

seeks to amend the Complaint solely to defeat diversity jurisdiction. *See Montgomery v. First Family Financial Services, Inc*., 239 F.Supp.2d 600, 606 (S.D. Miss. 2002). Additionally, the amendment of Plaintiff's Complaint to correctly identify Berden, a Mississippi resident, destroys federal diversity jurisdiction. Thus, Plaintiff's motion to remand should be granted.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Plaintiff's Motion to Amend the Complaint to substitute Brett Berden [Beardnan] for John Doe filed August 26, 2005, [3-1] should be, and is hereby **GRANTED.**

**IT IS FURTHER ORDERED AND ADJUDGED** that based on the amended complaint, Plaintiff's Motion to Remand the above styled and numbered cause filed August 26, 2005, [3-1] should be, and is hereby **GRANTED.** This matter is hereby **REMANDED TO THE COUNTY COURT OF JACKSON COUNTY, MISSISSIPPI** pursuant to 28 U.S.C. § 1447(c).

**SO ORDERED AND ADJUDGED** this the 7th day of March, 2006.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE